Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7223 | DATE | APR 25 2008 |
| CASE TITLE | John Handy (B-18865) v. Earl Strayhorn | | |

**DOCKET ENTRY TEXT:**

Plaintiff John Handy's motion for leave to proceed *in forma pauperis* [9] is granted. The court waives the initial partial filing fee, and authorizes the trust fund officer at plaintiff's place of confinement to make deductions from plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at the Pickneyville Correctional Center. However, the court dismisses the complaint. The defendants are dismissed from this action and the case is terminated. The dismissal of this complaint does not count as a strike under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, John Handy (B-18865), currently incarcerated at Pickneyville Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a former Cook County Judge Earl Strayhorn (referred to as Stayborn by plaintiff), Roger Walker (the Director of Illinois Department of Corrections), two unknown Cook County detectives, an unknown Cook County youth officer, and an unknown Cook County Assistant State's Attorney. Plaintiff alleges that the detectives, youth officer, and Assistant State's Attorney coerced a confession from plaintiff when investigating a murder in November of 1989.

The court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Plaintiff's *in forma pauperis* application indicates that he has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The supervisor of inmate trust accounts at plaintiff's place of confinement, currently the Pickneyville Correctional Center, is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the Pickneyville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.
(CONTINUED)

isk

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint, and dismiss it, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Preliminary review reveals that plaintiff's complaint both names a defendant who is immune from suit and fails to state a claim upon which relief may be granted by this court.

Plaintiff alleges that on November 25, 1989, two Cook County police detectives, a Cook County youth officer, and a Cook County Assistant State's Attorney questioned plaintiff, who was 15 years old at the time, about a murder and an armed robbery. Plaintiff contends that these defendants refused plaintiff's requests to have his mother present and coerced plaintiff's confession to murder. Plaintiff states that he was found guilty of murder and armed robbery, that he was sentenced by Judge Strayhorn to 35 years' imprisonment, and that his sentence was vacated in a 2003 state post-conviction proceeding based upon Judge Strayhorn's failure to admonish plaintiff properly about parole and a misapplication of a guideline section. Plaintiff states that a motion to suppress the confession was then granted in 2005, and that the State subsequently dropped the murder charge. Plaintiff pleaded guilty to armed robbery, and was sentenced to 12 years' imprisonment in 2005 with credit for time served. Plaintiff states that he was arrested in November of 2007 for violation of his parole, but that he had already served more than 12 years by that date. He states that his grievances to the warden of Menard Correctional Center were not answered. Plaintiff seeks damages for wrongful incarceration with respect to his current imprisonment.

Even considering that plaintiff's allegations are true, they do not state valid § 1983 claims against the defendants. With respect to Judge Strayhorn, judges have absolute immunity from suit for "acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Plaintiff's allegation against Judge Strayhorn involves judicial rulings for which § 1983 relief is not available. With respect to Roger Walker, plaintiff alleges no claim against Walker. Rather, plaintiff states that he submitted grievances about having already served his sentence to the warden of Menard Correctional Center, but not to Walker. Moreover, with respect to all of the defendants, plaintiff's complaint challenges only his current incarceration and not his incarceration for his vacated murder conviction. Success on plaintiff's claims that he is currently incarcerated based upon a invalid parole-violation charge because he already served his sentence would necessarily call into question the validity of his current incarceration. Before plaintiff may seek § 1983 relief for this claim, he must first demonstrate that the order for his current incarceration has been reversed, vacated, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Nance v. Vieregge*, 147 F.3d 589, 591 (7th .Cir. 1998). Accordingly, the complaint is dismissed without prejudice to plaintiff seeking federal civil rights relief if his current incarceration is declared invalid.

The court notes that plaintiff may be able to assert claims in state court with respect to his coerced confession or prosecution based upon the confession. However, such claims would not state grounds for federal civil rights relief and, thus, there is no reason to allow plaintiff to submit an amended complaint in this case. Malicious prosecution is not a federal constitutional tort so long as the state provides a remedy for such a claim, which Illinois does. Plaintiff thus cannot raise a malicious prosecution claim in federal court, but must assert it in state court. *See Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir.2001); *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002). Also, a coerced confession claim, by itself, does not state a ground for § 1983 relief. *See Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003); *Wallace v. City of Chicago*, 440 F.3d 421, 429 (7th Cir. 2006), *affirm'd by* 127 S. Ct. 1091 (2007). Although plaintiff may be able to seek relief for these claims in state court, he may not obtain federal civil rights relief for these claims.

**(CONTINUED)**

## STATEMENT (continued)

    For the reasons stated herein, the court dismisses the complaint without prejudice to plaintiff seeking relief in state court or returning to this court if and when his current incarceration is invalidated. The dismissal of this complaint in no way comments on the merits of plaintiff's claims. The court does not Impose a strike for this dismissal, given that plaintiff's complaint could be considered as simply being filed in the wrong court or prematurely.

    If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be without arguable merit, plaintiff may also accumulate a "strike" under 28 U.S.C. § 1915(g).